**04/10/96 - Attachments not available electronically.**

**Filed 3/22/96**

————————————

MILAS R. HARRIS,                                    )
                                                    )
    Petitioner-Appellant,                       )
                                                    )
v.                                                  )          No. 95-6424
                                                    )    (D.C. No. CV-95-1120-C)
R. MICHAEL CODY,                                    )       (W.D. Okla.)
                                                    )
    Respondent-Appellee.                        )

————————————

**ORDER AND JUDGMENT**[*]

————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Milas Robert Harris is a state inmate. Mr. Harris filed a pro se petition for habeas corpus relief which was denied. He now appeals. The district court denied a certificate of probable cause

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 10th Cir. R. 36.3.

to appeal this denial. We grant permission to proceed in forma pauperis and affirm the denial of habeas relief.

Mr. Harris pled guilty to first degree robbery in state court and was sentenced to twenty years. Mr. Harris was represented by court appointed counsel. Mr. Harris failed to timely withdraw his guilty plea and he failed to appeal his conviction. He subsequently filed post conviction relief alleging: (1) ineffective assistance of trial counsel for failure to advise Petitioner of his right to appeal; (2) failure of the state court to advise Petitioner of his right to appeal; (3) failure of the state court to advise Petitioner of his right to court appointed counsel on appeal; and (4) failure of the state court to appoint appellate counsel. The state trial court and the Oklahoma Court of Criminal Appeals denied Mr. Harris relief because he failed to withdraw his guilty plea within the proper time.

Mr. Harris then filed his petition for habeas relief with the United States District Court for the Western District of Oklahoma asserting the same errors raised in the state courts. The district court reviewed the record and concluded Mr. Harris had been properly advised of all rights including the fact that he must file an application to withdraw his guilty plea within ten days of sentencing. The district court noted the State's claims that Mr. Harris' claims are procedurally barred and concluded Mr. Harris had failed to show cause and prejudice or that a failure to consider the claims would result in a fundamental miscarriage of justice. Additionally, the district court concluded Mr. Harris failed to meet his burden of establishing ineffective assistance of trial counsel and denied relief.

Mr. Harris appeals, pro se, from the order denying relief. Mr. Harris' brief fails to tell us why he believes the district court erred; rather, he simply reiterates his conclusory arguments asserting he "was deprived of effective assistance of counsel at sentencing."

Mr. Harris has failed to persuade this court of any error.

The judgment of the district court is affirmed for substantially the same reasons set forth in the Findings and Recommendation of the United States Magistrate Judge, a copy thereof being attached hereto.

**Entered for the Court:**

_____
**WADE BRORBY**
United States Circuit Judge

4